FILED
JAMES ... ...
CLERK

07 DEC 17 AM 10: 25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

ETHICON ENDO-SURGERY, INC., )
)
    Plaintiff, )
)
v. ) Case No. **1:07 CV 1016**
)
CRESCENDO TECHNOLOGIES, LLC, an )
Ohio limited liability corporation, and JEAN ) SPIEGEL, J.
M. BEAUPRE, )
)
    Defendants, )
)

## COMPLAINT

Plaintiff, Ethicon Endo-Surgery, Inc. ("EES"), by counsel, files this Complaint against Crescendo Technologies, LLC ("Crescendo") and Jean M. Beaupre ("Beaupre"), as follows:

### PARTIES

1. Plaintiff, EES, is a corporation incorporated under the laws of Ohio. Its principal place of business is located at 4545 Creek Road, Cincinnati, Ohio 45242.

2. On information and belief, Defendant, Crescendo Technologies, LLC, is a limited liability company organized under the laws of Ohio, having its principal place of business at 4480 Lake Forest Drive, Suite 412, Blue Ash, Ohio 45242.

3. On information and belief, Defendant, Beaupre, is an individual residing at 8014 Buckland Drive, Cincinnati, Ohio 45249. Beaupre serves as Crescendo's registered agent.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1338(a), 18 U.S.C. § 1030 *et seq.*, and 18 U.S.C. §2707(a). This Court has jurisdiction over EES's related claims under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This action arises under the patent laws of the United States of America and/or this action necessarily depends on the resolution of a substantial question of federal patent law, in that the claims and relief sought involve a determination of patent claim scope and a determination of the rightful inventor of pending U.S. patents. *See* 28 U.S.C. §§ 1331, 1338(a); *see also* 35 U.S.C. §§ 100(a), 116, 152 & 261. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) because EES seeks a declaration of its rights under the patent laws of the United States.

6. This action further arises under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, as well as the Stored Communications Act, 18 U.S.C. § 2701(a) *et seq.*

7. This court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

8. Defendants reside in, are headquartered in and/or have designated an agent for service of process in this judicial district. Defendants therefore are subject to personal jurisdiction in this judicial district, and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL ALLEGATIONS

9. Plaintiff, EES, is dedicated to the advancement of minimally invasive surgery. EES specializes in the development and marketing of a broad portfolio of advanced surgical instruments and medical devices. EES is a subsidiary of Johnson & Johnson.

10. EES manufactures the leading ultrasonic cutting and coagulating surgical device, the Harmonic Scalpel®, which makes surgical incisions with minimal tissue damage.

11. Ultrasonic medical devices, such as the Harmonic Scalpel®, require a high degree of engineering sophistication and manufacturing capability. EES has invested substantial time

2

and resources developing such capacity and continues to devote resources both to improve upon its existing technology and to create new technologies and processes.

12. One of the reasons that EES is an industry leader in the development and marketing of ultrasonic medical devices is its invention and development of proprietary technology, including design features that enhance the performance and safety of EES's ultrasonic devices.

13. EES's trade secrets and other confidential and proprietary information are not generally known, and EES has made reasonable attempts to protect the secrecy of its trade secrets and other confidential and proprietary information in order to protect their value.

14. Defendant Beaupre was employed by EES in its Blue Ash, Ohio facility from 1995 to 2003. At EES, Beaupre held the position of design engineer and his primary responsibilities were to conceive of and to contribute to the development of new technologies that would enable EES to better meet the needs of medical professionals and their patients.

15. Beaupre had significant participation in the design of some of EES's ultrasonic products. For a portion of his tenure at EES, Beaupre was a member of a team of employees who supported the development of EES's Harmonic® franchise of ultrasonic scalpels.

16. During the course of his employment, Beaupre was given access to certain sensitive proprietary information concerning EES's processes, technologies, and product development. Beaupre was given access to such information because of his position at EES and for the purpose of furthering EES's business interests. Beaupre's authorized access to proprietary EES information was limited in scope.

17. Beaupre entered into an Employee Secrecy Agreement with EES on June 26, 1995. The Employee Secrecy Agreement provided that Beaupre was "employed or desire[d] to

be employed by ETHICON in a capacity in which [he might] receive or contribute to CONFIDENTIAL INFORMATION." The agreement defines Confidential Information as:

> information disclosed to [the employee] or known by [the employee] as a result of [his] employment by ETHICON, not generally known to the trade or industry in which ETHICON is engaged, about products, processes, machines, and services of ETHICON, including research, development, manufacturing, purchasing, finance, data processing, engineering, marketing, merchandising, and selling; and corresponding information about the products, processes, machines, and services of affiliates of ETHICON, acquired by [the employee] during [his] employment by ETHICON.

18. Under his Employee Secrecy Agreement, Beaupre agreed to maintain the confidentiality of EES company information and to promptly disclose to EES any inventions he made that related to the actual or anticipated business or activities of EES. In addition, pursuant to his Employee Secrecy Agreement, Beaupre assigned to EES any and all rights to inventions related to the actual or anticipated business or activities of EES that he conceived of or made during his employment at EES.

19. In consideration of his employment at EES, Beaupre agreed to abide by the following terms of the Employee Secrecy Agreement, in pertinent part:

> 1. I agree to disclose promptly to ETHICON all INVENTIONS conceived or made by me whether or not during my hours of employment or with the use of facilities, materials, or personnel of ETHICON, either solely or jointly with another or others during my employment by ETHICON, and related to the actual or anticipated business or activities of ETHICON, or related to its actual or anticipated research and development or suggested by or resulting from any task assigned to me or work performed by me for or on behalf of ETHICON. I assign and agree to assign my entire right, title, and interest therein to ETHICON.
>
> 2. I shall, whenever requested to do so by ETHICON, execute any applications, assignments, or other instruments which ETHICON shall consider necessary to apply for and obtain Letters Patent in the United States, or any foreign country, or to protect otherwise interests of ETHICON. These obligations shall continue beyond the termination of my employment with ETHICON with respect to

4

> INVENTIONS conceived or made by me during my period of employment, and shall be binding upon my executors, administrators, or other legal representatives.
>
> . . . .
>
> 4.  Unless I first secure the written consent of ETHICON I will not disclose, use, disseminate, lecture upon, or publish CONFIDENTIAL INFORMATION of which I become informed during my employment, whether or not developed by me.
>
> . . . .
>
> 6.  I will not render services, directly or indirectly, to any CONFLICTING ORGANIZATION in the United States or Canada, for a period of two (2) years after termination of my employment with ETHICON . . . .
>
> . . . .
>
> 13. Upon termination of my employment with ETHICON, prior to or upon my retirement, I shall turn over to a designated individual employed by ETHICON all property then in my possession or custody and belonging to ETHICON. I shall not retain any copies or reproductions of correspondence, memoranda, reports, notebooks, drawings, photographs, or other documents relating in any way to the affairs of ETHICON or the affairs of its affiliated companies which are entrusted to me at any time during my employment with ETHICON.

20. EES entrusted Beaupre with certain of its trade secrets and confidential and proprietary information during his employment with the understanding that he would at all times keep them confidential and use them solely for EES's purposes and not as the basis for personal gain.

21. Beaupre was terminated from his position at EES in October of 2003. Before discontinuing his employment with EES, Beaupre executed an Agreement and Release acknowledging his rights and obligations to EES.

22. On information and belief, by December 2003, Beaupre had founded Crescendo with the stated goal of competing against EES.

5

23. On information and belief, Crescendo is engaged in the business of developing and marketing ultrasonic surgical devices.

24. On information and belief, Beaupre has served as Crescendo's lead design engineer for several ultrasonic medical devices and is currently acting as Chief Executive Officer of Crescendo.

25. On information and belief, while at Crescendo, Beaupre has used confidential and proprietary trade secret information obtained from EES. Such information includes information about proprietary EES technologies. On information and belief, such information includes information Beaupre obtained by accessing EES's networked computers, which store sensitive information that is accessible on a password-protected basis, without authorization or by exceeding his authorized access.

26. On information and belief, in 2005, within two years of his termination from EES, Beaupre, acting individually and as an agent of Crescendo, began filing patent applications on ultrasonic medical devices, naming Crescendo as the assignee.

27. On information and belief, Beaupre has filed patent applications relating to ultrasonic medical devices, including without limitation, (1) U.S. Patent Application No. 20060100652, for an "Ultrasonic shear with asymmetrical motion," filed on October 28, 2005; (2) U.S. Patent Application No. 20060100616, for an "Ultrasonic device," filed on November 2, 2005; (3) U.S. Patent Application No. 20060211943, for an "Ultrasonic blade with terminal end balance features," filed on February 7, 2006; and (4) U.S. Patent Application No. 20070016236 for a "Balanced ultrasonic curved blade," filed on April 26, 2006.

28. On information and belief, Beaupre and Crescendo have developed technologies, which they are seeking to commercialize and patent, that include ideas Beaupre conceived while

at EES that were assigned to EES pursuant to Beaupre's Employee Secrecy Agreement and/or trade secrets and proprietary information misappropriated from other EES engineers.

29. Beaupre and Crescendo are not entitled to patents on the aforesaid patent applications and any related applications. On information and belief, the inventions contained in Beaupre's pending patent applications were conceived at EES by other engineers at EES or by Beaupre while employed by EES, and/or Beaupre's pending patent applications disclose EES trade secrets.

30. EES has no adequate remedy at law to redress the damage that has been, and is being, done by Beaupre and Crescendo's attempt to obtain patents on technologies that rightfully belong to EES. EES faces an immediate threat of irreparable harm. As a result, the Court should declare EES's rights in the patent applications, and the patent applications covering inventions conceived by other EES engineers or by Beaupre while employed by EES should be reassigned to EES and/or such other fair and just equitable relief, such as the imposition of a constructive trust in favor of EES, should be granted.

31. EES has a reasonable likelihood of success on the merits of one or more of its claims against Beaupre and Crescendo.

32. The hardship to EES if the patent applications are not reassigned and Beaupre and Crescendo are allowed to continue prosecuting patent applications based on misappropriated information and/or ideas that are rightfully owned by EES far exceeds the hardship Beaupre and Crescendo would suffer if equitable relief were granted.

33. The public interest would be served by granting EES the injunctive relief it seeks.

7

## COUNT I

### BREACH OF CONTRACT

34. EES restates and realleges the allegations set forth in Paragraphs 1 through 33 as this Paragraph 34 of this Complaint.

35. Beaupre's Employee Secrecy Agreement was a valid and binding contract between Beaupre and EES.

36. Beaupre's use of trade secret and/or confidential and proprietary EES information for his own benefit and for the benefit of Crescendo constitutes a breach of his Employee Secrecy Agreement.

37. Further, Beaupre's failure to honor his assignment to EES of inventions conceived during his employment at EES constitutes a breach of his Employee Secrecy Agreement.

38. The Employee Secrecy Agreement provided that Beaupre was "employed or desire[d] to be employed by ETHICON in a capacity in which [he might] receive or contribute to CONFIDENTIAL INFORMATION."

39. EES's confidential and proprietary information, which included, among other things, computer-aided design ("CAD") drawings and technical product information, was confidential and was not readily available to EES's competitors.

40. Beaupre's retention and/or use of EES's confidential and proprietary information, individually and as an agent of Crescendo, breached at least the following Paragraphs of his Employee Secrecy Agreement:

    (a) Beaupre's conduct breached Paragraph 1 of his Employee Secrecy Agreement because Beaupre failed to disclose to EES all inventions that he conceived or made during his employment at EES, and further failed to

honor his assignment of his entire right, title, and interest in those inventions to EES.

(b) Beaupre's aforesaid conduct breached Paragraph 4 of his Employee Secrecy Agreement because Beaupre has disclosed, used, and published EES's Confidential Information by filing patent applications on behalf of Crescendo utilizing EES confidential information without authorization from EES.

(c) Beaupre's aforesaid conduct breached Paragraph 6 of his Employee Secrecy Agreement because Beaupre competed with EES before the expiration of the two-year non-compete period.

(d) Beaupre's aforesaid conduct breached Paragraph 13 of his Employee Secrecy Agreement because he did not return EES's confidential and proprietary information prior to the termination of his employment, but rather he made use of EES's confidential and proprietary information for his own purposes and the purposes and benefit of Crescendo.

41. As a direct result of Beaupre's conduct and unless Beaupre and Crescendo are enjoined from using and/or disclosing EES's confidential and proprietary information, EES has suffered and/or will suffer substantial and irreparable harm and damages, including the loss of its good will and competitive place in the ultrasonic medical device market, damage to its business relationships, and the loss of business.

42. EES has no adequate remedy at law to redress the damage that has been, and is being, done by Beaupre's material breach of his Employee Secrecy Agreement and Beaupre and Crescendo's attempt to obtain patents on technologies that rightfully belong to EES. EES faces

9

an immediate threat of irreparable harm. As a result, the patent applications covering inventions conceived by other EES engineers or by Beaupre while employed by EES should be reassigned to EES and/or such other fair and just equitable relief, such as the imposition of a constructive trust in favor of EES, should be granted.

43. Resolution of this Count necessarily depends on the resolution of a substantial question of patent law, including without limitation a determination of the rightful inventor(s) of pending U.S. patents.

## COUNT II

### MISAPPROPRIATION OF TRADE SECRETS

44. EES restates and realleges the allegations set forth in Paragraphs 1 through 43 as Paragraph 44 of this Complaint.

45. The Confidential Information that Beaupre, acting individually and as an agent of Crescendo, misappropriated from EES, including but not limited to information regarding EES's Harmonic® ultrasonic scalpels and related technology ("EES's Trade Secrets"), was kept confidential by EES, provided actual and/or potential economic value to EES and was subject to reasonable security measures to maintain its confidentiality.

46. EES invested significant resources and time to research, analysis, and planning in order to acquire the knowledge and technology necessary to develop the confidential and proprietary ideas, data, and drawings relating to EES's Harmonic® ultrasonic scalpel and related technologies.

47. EES's Trade Secrets are sufficiently secret that economic value can be derived from their not being known by EES's competitors and other persons who could obtain economic value from their disclosure or use.

48. EES's Trade Secrets are secret within the meaning of the Ohio Trade Secrets Act, Ohio Rev. Code §§ 1333.61-1333.69.

49. The Ohio Trade Secrets Act, Ohio Rev. Code §§ 1333.61-1333.69, prohibits Beaupre's misappropriation of EES's Trade Secrets.

50. Beaupre took EES's Trade Secrets without authorization.

51. Moreover, Beaupre has used and disclosed EES's Trade Secrets in the performance of his duties at Crescendo, in applying for U.S. patents, and in furtherance of Crescendo's business interests in competition with EES.

52. By his aforesaid actions, Beaupre, acting individually and as an agent of Crescendo, misappropriated EES's Trade Secrets in violation of the Ohio Trade Secrets Act, *supra*.

53. On information and belief, Beaupre's aforesaid conduct was willful and intentionally calculated to damage EES.

54. EES has an ascertainable right and no adequate remedy at law to address Beaupre's misappropriation of EES's Trade Secrets.

55. As a direct result of Beaupre's conduct and unless Beaupre and Crescendo are enjoined from using and/or disclosing EES's Trade Secrets, EES has suffered and/or will suffer substantial and irreparable harm and damages, including the loss of its good will and competitive place in the ultrasonic medical device market, damage to its business relationships, and the loss of business.

56. EES has no adequate remedy at law to redress the damage that has been, and is being, done by Beaupre and Crescendo's attempt to obtain patents on technologies that rightfully belong to EES. EES faces an immediate threat of irreparable harm. As a result, the patent

applications covering inventions conceived by other EES engineers or by Beaupre while employed by EES should be reassigned to EES and/or such other fair and just equitable relief, such as the imposition of a constructive trust in favor of EES, should be granted.

57. Beaupre's violation of the Ohio Trade Secrets Act, Ohio Rev. Code §§ 1333.61-1333.69, entitles EES to an award of reasonable attorneys' fees.

## COUNT III

## FEDERAL COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030 *et seq.*)

58. EES restates and realleges the allegations set forth in Paragraphs 1 through 57 as this Paragraph 58 of this Complaint.

59. EES maintains and utilizes "protected computers" within the meaning of that term as defined at 18 U.S.C. § 1030(e)(2)(B) of the Computer Fraud and Abuse Act ("CFAA"), and particularly the computers store sensitive information that is accessible on a password-protected basis.

60. On information and belief, Beaupre obtained confidential and proprietary information belonging to EES from a computer used in interstate or foreign communication that EES assigned to Beaupre for limited use in connection with his duties. On information and belief, Beaupre intentionally accessed such computer without authorization or exceeded his authorized access.

61. On information and belief, Beaupre accessed a protected EES computer and knowingly appropriated confidential EES information with an intent to defraud, and without EES's knowledge, permission, or authorization.

12

62. On information and belief, Beaupre's object was to obtain valuable technical information that Beaupre was not authorized to obtain from EES in order to secure an advantage in competing with EES.

63. On information and belief, by means of his conduct, Beaupre furthered the intended fraud and obtained valuable business information.

64. Beaupre's activities violated one or more of the following provisions of the CFAA: 18 U.S.C. §§ 1030(a)(2)(C), 1030(a)(4), and 1030(a)(5)(A)(iii).

65. As a result of such conduct, Beaupre and Crescendo caused EES to suffer loss (as defined at 18 U.S.C. § 1030(e)(11)) in a one-year period exceeding $5,000, in an amount to be proven at trial.

### COUNT IV
### STORED COMMUNICATIONS ACT (18 U.S.C. § 2701 *et seq.*)

66. EES restates and realleges the allegations set forth in Paragraphs 1 through 65 as this Paragraph 66 of this Complaint.

67. EES maintains a facility through which an electronic communications service is provided (the "EES facility") pursuant to § 2701(a) of the Stored Communications Act ("SCA"), specifically computers which require password-protected access and are networked.

68. On information and belief, Beaupre intentionally accessed the EES facility without authorization or intentionally exceeded his authorization in order to obtain confidential and proprietary EES information.

69. On information and belief, as a result of this access, Beaupre obtained access to electronic communications while such communications were in electronic storage.

70. EES has been damaged as a result of Beaupre's conduct, and such conduct has been willful and intentional, thereby entitling EES to recover (a) the sum of its actual damages, in an amount to be proven at trial; (b) statutory damages; and/or (c) punitive damages.

## COUNT V

## DECLARATORY JUDGMENT AGAINST BEAUPRE AND CRESCENDO

71. EES restates and realleges the allegations set forth in Paragraphs 1 through 70 as this Paragraph 71 of this Complaint.

72. There exists an actual, ripe, and justiciable controversy between EES, Beaupre and Crescendo regarding each party's rights and interests in connection with pending patent applications and any and all related applications that have been filed or will be filed based on ideas conceived of by Beaupre while an employee of EES or using EES's confidential and trade secret information (collectively, the "Disputed Patent Applications").

73. As a result of the conduct and events described in detail above, EES possesses legal ownership, and/or equitable ownership and/or other interests in the Disputed Patent Applications inconsistent with and superior to any interest claimed by Beaupre or Crescendo. EES's ownership and related interests include: (a) legal ownership of the Disputed Patent Applications by operation of law including by virtue of Beaupre's Employee Secrecy Agreement; and/or (b) equitable ownership of the Disputed Patent Applications including by virtue of Beaupre's breaches and the above-detailed inequitable scheme. The Court should so declare pursuant to 28 U.S.C. § 2201.

74. Resolution of this Count necessarily depends on the resolution of a substantial question of patent law, including without limitation a determination of the rightful inventor(s) of pending U.S. patents.

## COUNT VI

### TORTIOUS INTERFERENCE WITH CONTRACT BY CRESCENDO

75. EES restates and realleges the allegations set forth in Paragraphs 1 through 74 as this Paragraph 75 of this Complaint.

76. This is an action against Crescendo for tortious interference of contractual relations.

77. At all times material, there existed valid agreements between Beaupre and EES, including Beaupre's Employee Secrecy Agreement.

78. At all times material, Crescendo knew of the existence and terms of Beaupre's Employee Secrecy Agreement, including its invention assignment, secrecy and non-competition provisions.

79. Crescendo intentionally induced, encouraged and/or allowed Beaupre to breach his Employee Secrecy Agreement with EES by: (a) failing to disclose to EES all inventions that he conceived or made during his employment at EES and by failing to honor his assignment of his entire right, title and interest in those inventions to EES; (b) disclosing, using and/or publishing EES's confidential information by filing patent applications on behalf of Crescendo utilizing EES confidential information without authorization from EES; (c) competing with EES before the expiration of his two-year non-compete period; and (d) failing to return EES's confidential and proprietary information prior to the termination of his employment and using EES's confidential and proprietary information for his own benefit and the benefit of Crescendo.

80. Crescendo improperly induced Beaupre to use and misappropriate EES's confidential and proprietary information so that Crescendo could use the information to Crescendo's benefit in its own business.

15

81. Crescendo's actions described above were taken knowingly without any justification or privilege.

82. As a direct result of Crescendo's actions and unless Beaupre and Crescendo are enjoined from using and/or disclosing EES's confidential and proprietary information, EES has suffered and/or will suffer substantial and irreparable harm and damages, including the loss of its good will and competitive place in the ultrasonic medical device market, damage to its business relationships, and the loss of business.

83. EES has no adequate remedy at law to redress the damage that has been, and is being, done by Crescendo's tortious interference with Beaupre's Employee Secrecy Agreement and Beaupre and Crescendo's attempt to obtain patents on technologies that rightfully belong to EES. EES faces an immediate threat of irreparable harm. As a result, the patent applications covering inventions conceived by other EES engineers or by Beaupre while employed by EES should be reassigned to EES and/or such other fair and just equitable relief, such as the imposition of a constructive trust in favor of EES, should be granted.

## PRAYER FOR RELIEF

WHEREFORE, EES prays for judgment in its favor and against Crescendo Technologies, LLC and Jean M. Beaupre as follows:

(a) Order specific performance of Beaupre's contractual obligations, including, without limitation, specific performance of Beaupre's contractual obligation to assign his patent applications to EES;

(b) Order the reassignment of pending patent applications, and any and all related applications that have been filed or will be filed, which were based on ideas conceived of by Beaupre while an employee of EES;

(c) Order a constructive trust in favor of EES and/or patent reassignment to EES with respect to pending patent applications that Beaupre has filed, and any and all related applications that have been filed or will be filed, using EES's Confidential and Trade Secret Information misappropriated from EES;

(d) Enjoin Crescendo and Beaupre from further prosecution of patent applications of which EES is the rightful owner and/or which contain EES proprietary information, except as necessary to ensure that such applications are rightfully placed into the possession of EES, as EES may elect;

(e) Enjoin Crescendo and Beaupre from further unauthorized use and disclosure of EES's Confidential Information and Trade Secret Information;

(f) Order Crescendo and Beaupre to return all of EES's Confidential Information and Trade Secret Information and to provide EES with an affidavit attesting that they possess no such information; describing each record or item that they returned to EES or deleted or destroyed; and identifying any third parties to whom they disclosed such information;

(g) Award EES attorneys' fees, costs and all other expenses incurred by EES pursuant to, for example, the Ohio Trade Secrets Act, Ohio Rev. Code §§ 1333.61-1333.69;

(h) Award EES compensatory damages pursuant to § 1030(g) of the CFAA;

(i) Award EES actual damages, punitive damages and costs, together with reasonable attorneys' fees, in accordance with §§ 2707(b) and (c) of the SCA;

(j) Order disgorgement of all unjust enrichment and any benefits that flow or result from Crescendo and Beaupre's breach of contract or misappropriation and/or misuse of EES's Confidential Information and Trade Secret Information;

17

(k) Declare that EES possesses legal or equitable ownership or another interest in the Disputed Patent Applications inconsistent with and/or superior to any interest asserted by Beaupre or purportedly conveyed by Beaupre to Crescendo;

(l) Enjoin Crescendo from inducing EES's past, current, or future employees to breach the terms of their agreements, including Employee Secrecy Agreements, with EES;

(m) Enjoin Crescendo from tortiously interfering with EES's contractual and business relationships with EES's employees;

(n) An accounting and paying over to EES of all sums by which Crescendo, by its wrongful conduct, has unjustly enriched itself; and

(o) Award EES such other and additional relief as this Court deems appropriate.

Respectfully Submitted,

/s/ Stephen J. Butler
_____
Stephen J. Butler (0010401)
THOMPSON HINE LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
(513) 352-6587 (phone)
(513) 241-4771 (fax)
E-mail: steve.butler@thompsonhine.com

Trial Attorney for Plaintiff
ETHICON ENDO-SURGERY, INC.

OF COUNSEL:
Thomas D. Rein
Marc A. Cavan
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000 (phone)
(312) 853-7036 (fax)