UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ETHICON ENDO-SURGERY, INC.,

        Plaintiff,

        Case No. 1:07cv1016

v.

CRESCENDO TECHNOLOGIES, LLC, an
Ohio limited liability corporation, and JEAN
M. BEAUPRÉ, an individual

The Honorable Judge Barrett

        Defendants

**JURY FORMS**

## BREACH OF CONTRACT - I

1. Did Jean M. Beaupré breach a contract with EES by failing to leave EES property with EES when his employment with EES ended?

   Yes: ✓    No: _____

2. a. If your answer to question 1 is 'No,' then you should move on to Breach of Contract - II.

   b. If your answer to question 1 is 'Yes,' then what amount of damages, as previously defined, compensates EES for this breach?

   $ 12,500.00

**JUROR INITIALS**

s/ Juror 2                             s/ Juror 6

s/ Juror 3                             s/ Juror 7

s/ Juror 4                             s/ Juror 8

s/ Juror 5

2

## BREACH OF CONTRACT - II

1. Did Jean M. Beaupré breach a contract with EES by disclosing, using or publishing confidential information he learned or obtained during the course of his EES employment?

   Yes: ✓   No: _____

2. a. If your answer to question 1 on this page is 'No,' then you should move on to Breach of Contract - III.

   b. If your answer to question 1 on this page is 'Yes,' then what amount of damages, as previously defined, compensates EES for this breach.

   $ 50,000.00

JUROR INITIALS

s/ Juror 2                s/ Juror 6

s/ Juror 3                s/ Juror 7

s/ Juror 4                s/ Juror 8

s/ Juror 5

3

## BREACH OF CONTRACT – III

1. Did Jean M. Beaupré breach a contract with EES by working for Crescendo during a time when Mr. Beaupré had a contractual commitment not to compete with EES?

    Yes: ✓   No: _____

2. a. If your answer to question 1 on this page is "No," then you should move on to Breach of Contract - IV.

    b. If your answer to question 1 on this page is "Yes," then what amount of damages, as previously defined, compensates EES for this breach?

    $ 42,000.00

    JUROR INITIALS

    s/ Juror 2            s/ Juror 6
    s/ Juror 3            s/ Juror 7
    s/ Juror 4            s/ Juror 8
    s/ Juror 5

4

## BREACH OF CONTRACT - IV

1. Did Jean M. Beaupré breach a contract with EES by assigning to Crescendo any discoveries, improvements or ideas that he had during the time of his employment at EES that related to or resulted from his EES work?

    Yes: ✓   No: _____

2. a. If your answer to question 1 on this page is 'No,' then you should move on to Tortious Interference.

    b. If your answer to question 1 on this page is 'Yes,' please place a mark next to each patent application that you find was assigned to Crescendo in breach of Mr. Beaupré's agreement with EES:

    - the '126 Application:_____
    - the '652 Application:_____ ✓ _____
    - the '616 Application:_____
    - the '943 Application:_____
    - the '236 Application:_____ ✓ _____
    - the "Balanced Ultrasonic Curved Blade" Provisional Application: _____ ✓ _____

    c. What amount of damages per question 2(b) above compensates EES for this breach?

    - the '126 Application:$_____
    - the '652 Application:$ 300,000.⁰⁰
    - the '616 Application:$_____

5

- the '943 Application:$ _____

- the '236 Application:$ 400,000.00

- the "Balanced Ultrasonic Curved Blade" Provisional Application:$ 300,000.00

JUROR INITIALS

s/ Juror 2

s/ Juror 3

s/ Juror 4

s/ Juror 5

s/ Juror 6

s/ Juror 7

s/ Juror 8

## TORTIOUS INTERFERENCE

1. Did Crescendo, purposefully and without a privilege, interfere with EES's contractual relations with Mr. Beaupré by inducing him to breach one or more of his contracts with EES?

    Yes: ✓    No: _____

2. a. If your answer to question 1 on this page is 'No,' then you should move on to Violation of the Computer Fraud and Abuse Act.

    b. If your answer to question 1 on this page is 'Yes,' then what amount of damages, as previously defined, compensates EES for Crescendo's interference?

    $ 1,000,000.00

JUROR INITIALS

_s/ Juror 2_      _s/ Juror 6_
_s/ Juror 3_      _s/ Juror 7_
_s/ Juror 4_      _s/ Juror 8_
_s/ Juror 5_

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

1. Did Jean M. Beaupré intentionally access or exceed his authorized access of a protected computer without authorization and with intent to defraud EES?

    Yes: _____ No: ___✓___

2. a. If your answer to question 1 is 'No,' you are done. Please sign the verdict form.

    b. If the answer to question 1 is 'Yes,' then did the value of any such unauthorized use or anything obtained as a result of the fraud exceed $5,000 in any one year?

    Yes: _____ No: _____

3. a. If your answer to question 2(b) is 'No,' you are done. Please sign the verdict form.

    b. If your answer to question 2(b) is 'Yes,' then what amount of damages, including the loss to EES, the cost of responding to an offense, conducting a damage assessment, and any revenue lost or cost incurred did EES experience as a result of this violation?

    $_____

    JUROR INITIALS

    _____s/ Juror 2_____          _____s/ Juror 6_____

    _____s/ Juror 3_____          _____s/ Juror 7_____

    _____s/ Juror 4_____          _____s/ Juror 8_____

    _____s/ Juror 5_____

8

WE THE UNDERSIGNED RENDER THIS VERDICT ON

June __12th__, 2009

___s/ Juror 2___
Foreperson

___s/ Juror 3___

___s/ Juror 4___          ___s/ Juror 7___

___s/ Juror 5___          ___s/ Juror 8___

___s/ Juror 6___